[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 18, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-12963
Non-Argument Calendar
----------------------------------------

BIA No. A77-293-235

CHANG HUI LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(May 18, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Chang Hui Liu, a native and citizen of the People's Republic of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings, 8 C.F.R. § 1003.2(c). No reversible error has been shown; we deny the petition.

Orders denying motions to reopen are reviewed for abuse of discretion under a "very deferential" standard. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). See 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board). Appellate review of a denial of a motion to reopen deportation proceedings "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation and citation omitted). The regulations provide that the BIA shall not grant a motion to reopen unless "the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Petitioner moved to reopen on the basis of new evidence from witnesses that he asserted he was unable to locate at the time of his hearing and who would corroborate his testimony. But Petitioner did not explain why he could not locate

these witnesses and procure this evidence in time for his asylum hearing.[*]  The BIA cited record evidence supporting its conclusion that Petitioner had contact with these witnesses and that Petitioner could have obtained his proffered new evidence in advance of his asylum hearing.

Petitioner disputes no record facts relied upon by the BIA; he makes only the conclusory argument that his motion to reopen was unopposed and that the BIA's determination was based upon speculation.  Petitioner attempts to shift the burden of persuasion; the Petitioner, as the party seeking to reopen proceedings, had the burden of persuasion to show that his motion was due to be granted. 8 C.F.R. § 1003.2(c)(1); see also Al Najjar, 257 F.3d at 1302 (imposing "heavy burden" on proponent of a motion to reopen).  The government was under no obligation to respond.  See 8 C.F.R. § 1003.2(g)(3) (allowing -- not requiring -- government to respond to motion).

The BIA's exercise of discretion in denying Petitioner's motion to reopen was not arbitrary or capricious or otherwise an abuse of discretion.

PETITION DENIED.

---

[*]The evidence that Petitioner relied upon in his motion to reopen focused on events that predated Petitioner's asylum hearing.